**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,       )
      )
   v.       )       ID No. 1705015040
      )
KEENAN ANDERSON,       )
      )
   Defendant.       )

Date Submitted:  July 17, 2024
Date Decided: October 16, 2024

## ORDER

Upon consideration of Defendant Keenan Anderson's Motion for Correction of an Illegal Sentence ("Motion"),[1] Superior Court Criminal Rule 35(a),[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On January 23, 2018, Anderson was found guilty by a jury of Possession of a Firearm by a Person Prohibited ("PFBPP") (IN17-06-008) and Carrying a Concealed Deadly Weapon ("CCDW") (IN17-06-0010).[3]

(2)    The State moved to have Anderson sentenced as a Habitual Offender[4] on both offenses based on Anderson's previous convictions: Carjacking Second Degree (IN11-05-0775)[5], Rape Fourth Degree (IN11-12-0038)[6], Failure to Report as

---

[1] D.I. 67.
[2] Super. Ct. Crim. R. 35(a).
[3] D.I. 22.
[4] D.I. 32; *see* State's Motion to Declare Defendant a Habitual Offender.
[5] Pursuant to 11 *Del.C*. § 4201(c)(1), Carjacking Second Degree is a violent felony.
[6] Pursuant to 11 *Del.C*. § 4201(c)(1), Rape Fourth Degree is a violent felony.

a Registered Sex Offender (IN16-03-0673)[7], Failure to Report as a Registered Sex Offender (IN16-09-1522), and Failure to Report as a Registered Sex Offender (IN16-11-0208).

(3)     On October 26, 2018, the Court granted the State's motion and sentenced Anderson as a Habitual Offender pursuant to 11 *Del.C.* § 4214(c) for both offenses.[8]  For PFBPP, Anderson was sentenced to 15 years of unsuspended Level V.[9]  For CCDW, Anderson was sentenced to 8 years of unsuspended Level V.[10]  The sentences are to run consecutively.[11]

(4)     Pursuant to 11 *Del.C.* § 4214(c),

> Any person who has been 2 times convicted of a felony under the laws of this State… and 1 time convicted of a Title 11 violent felony,… and who shall thereafter be convicted of a subsequent Title 11 violent felony, … *shall receive a minimum sentence of the statutory maximum penalty* provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.[12]

---

[7] Pursuant to 11 *Del.C.*§ 4121(r), Failure to Report as a Sex Offender is a felony.
[8] D.I. 34; *see* Sentence Order (Case No. N1705015040).
[9] *Id.*
[10] *Id.*
[11] *Id.*; *see also* D.I. 38 (Transcript of Sentencing) at 23-24. At the sentencing for Anderson's PFBPP and CCDW offenses, the Court also sentenced him for violations of probation on his prior Carjacking Second Degree conviction (three years six months Level V, suspended after a year for six months Level IV, followed by six months Level III) and his prior Rape Fourth Degree conviction (four years five months and 23 days at Level V, suspended after two years, for six months Level IV, followed by six months level III); *see* Case No. N1105000643, D.I. 40; Case No. 1111000145. D.I. 45.
[12] 11 *Del.C.* § 4214(c) (emphasis added).

(5) As a Habitual Offender, Anderson "shall receive a minimum sentence of the statutory maximum penalty."[13] Pursuant to 11 *Del.C.* §§ 1448(c) and (e)(1), because Anderson was convicted on two or more separate occasions of any violent felony, his PFBPP conviction is classified as a Class C Felony, not a Class D.[14] Pursuant to 11 *Del.C.* § 4205(b)(3), the maximum term of incarceration for a Class C Felony is 15 years to be served at Level V.[15] In accordance with 11 *Del.C.* § 4214(c), the Court imposed 15 years at Level V.

(6) Pursuant to 11 *Del.C.* § 1442(b), CCDW is a Class D Felony when the weapon involved is a firearm.[16] Pursuant to 11 *Del.C.* § 4205(b)(4), the maximum term of incarceration which the Court may impose for a Class D Felony is 8 years.[17] In accordance with 11 *Del.C.* § 4214(c), the Court imposed 8 years at Level V.

(7) "A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is

---

[13] 11 *Del.C.* § 4214(c).
[14] 11 *Del.C.* § 1448(c) ("Possession of a deadly weapon by a person prohibited is a Class F Felony, unless said deadly weapon is a firearm or ammunition for a firearm, and the violation is one of paragraphs (a)(1)-(8) of this section, in which case it is a Class D Felony, or unless the person is eligible for sentencing pursuant to subsection (e) of this section, in which case it is a Class C Felony."); *see also* 11 *Del.C.* § 1448(e)(1)(c) ("[A]ny person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of…[t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.").
[15] 11 *Del.C.* § 4205(b)(3).
[16] 11 *Del.C.* § 1442(b) ("Carrying a concealed deadly weapon is a Class G Felony, unless the weapon is a firearm, in which case it is a Class D Felony.").
[17] 11 *Del.C.* § 4205(b)(4).

uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize."[18]

(8)     Anderson was sentenced to 15 years of unsuspended Level V time for his PFBPP conviction, which is the maximum penalty for a Class C Felony. Anderson was sentenced to 8 years at Level V unsuspended time for his CCDW conviction, which is the maximum penalty for a Class D Felony.

(9)     Anderson's PFBPP and CCDW sentences are not illegal.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Motion for Correction of an Illegal Sentence is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:     Original to Prothonotary
        Zachary D. Rosen, DAG
        Keenan J. Anderson (SBI: 00417279)

---

[18] *Wright v. State*, 2022 WL 499979, at *2 (Del. Feb. 17, 2022) (citing *Brittingham v. State*, 795 A.2d 577, 578 (Del. 1998).